# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ZHENG RONG,<br><br>        Petitioner,<br><br>   v.<br><br>ATTORNEY GENERAL et al.,<br><br>        Respondents. | 1:09-cv-01704 MJS HC<br><br>ORDER DISMISSING PETITION DUE TO PETITIONER'S FAILURE TO FOLLOW COURT ORDER<br><br>[Doc. 7] |

Petitioner is proceeding pro se with a petition for writ of habeas corpus under the authority of 28 U.S.C. § 2241. Pursuant to 28 U.S.C. § 636(c)(1), the Petitioner has consented to the jurisdiction of the United States Magistrate Judge. Local Rule 305(b).

On September 28, 2009, Petitioner filed his petition for writ of habeas corpus. On April 15, 2010, the Court issued an order reassigning the present matter to Magistrate Judge Michael J. Seng and served the order on Petitioner. (Reassignment Order, ECF No. 6.) On April 26, 2010, the order served on Petitioner was returned by the U.S. Postal Service as undeliverable. On May 7, 2010, the Court issued a order to show cause why the petition should not be dismissed due to Petitioner's failure to prosecute the present matter. (Order to Show Cause, ECF No. 7.) On May 19, 2010, the order served on Petitioner was returned by the U.S. Postal Service as undeliverable.[1]

---

[1] It is also noted that Respondent's May 25, 2010, motion to dismiss for lack of jurisdiction. (Mot. to Dismiss, ECF No. 8.) By way of the motion, Respondent informed the Court that Petitioner had been released from custody.

Pursuant to Local Rule 183(b), a party appearing in propria persona is required to keep the Court apprised of his or her current address at all times. Local Rule 183(b) provides, in pertinent part:

> If mail directed to a plaintiff in propria persona by the Clerk is returned by the U.S. Postal Service, and if such plaintiff fails to notify the Court and opposing parties within sixty-three (63) days thereafter of a current address, the Court may dismiss the action without prejudice for failure to prosecute.

In the instant case, over sixty-three (63) days have passed since Petitioner's mail was returned and he has not notified the Court of a current address.

In determining whether to dismiss an action for lack of prosecution, the court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the respondents; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. Henderson v. Duncan, 779 F.2d 1421, 1423-24 (9th Cir. 1986); Carey v. King, 856 F.2d 1439, 1440-41 (9th Cir. 1988).  The Court finds that the public's interest in expeditiously resolving this litigation and the court's interest in managing the docket weigh in favor of dismissal as this case has been pending since September 28, 2009.  The Court cannot hold this case in abeyance indefinitely based on Petitioner's failure to notify the Court of his address.  The third factor, risk of prejudice to respondents, also weighs in favor of dismissal, since a presumption of injury arises from the occurrence of unreasonable delay in prosecuting an action. Anderson v. Air West, 542 F.2d 522, 524 (9th Cir. 1976).  The fourth factor, public policy favoring disposition of cases on their merits, is outweighed by the factors in favor of dismissal discussed herein.  Finally, given the Court's inability to communicate with Petitioner based on Petitioner's failure to keep the Court apprised of his current address, no lesser sanction is feasible.

Petitioner has failed to inform the Court of his current address as required by Local Rule 183(b) and court order. Therefore, the petition must be dismissed.

## ORDER

Accordingly, IT IS HEREBY ORDERED that:

1. The Petition for Writ of Habeas Corpus is DISMISSED without prejudice;

2. The Clerk of Court is DIRECTED to dismiss all pending motions as MOOT; and

3. The Clerk of Court is DIRECTED to enter judgment.

IT IS SO ORDERED.

Dated:   July 20, 2010                       /s/ *Michael J. Seng*
                                                          UNITED STATES MAGISTRATE JUDGE